THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, NEVADA HIGHWAY PATROL DIVISION, Appellants, *v.* ROY HUTCHINGS, TWANNA HOLLY, NEVADA HIGHWAY PATROL ASSOCIATION, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, NEVADA HIGHWAY PATROL DIVISION, Respondents.

No. 20130

CHARLES F. RIKALO, JOHN R. GIURLANI, GALEN MITCHELL, OPERATING ENGINEERS, LOCAL NO. 3, PUBLIC EMPLOYEES DIVISION, Appellants, *v.* THE STATE OF NEVADA, DEPARTMENT OF PERSONNEL, DEPARTMENT OF ADULT PAROLE AND PROBATION, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Respondents.

No. 20158

July 18, 1990                    795 P.2d 497

*Brian McKay,* Attorney General, *Brian R. Hutchins,* Chief Deputy Attorney General, *Chan G. Griswold,* Deputy Attorney General, and *Cheryl A. Lau,* Deputy Attorney General, Carson City, for Appellants The State of Nevada, Department of Motor Vehicles and Public Safety, Nevada Highway Patrol Division.

*Lawrence B. Bernard,* Reno; *Walter R. Tarantino,* Carson City; and *Aitchison and Moore,* Portland, Oregon, for Respondents Roy Hutchings, Twanna Holly, Nevada Highway Patrol Association, Department of Motor Vehicles and Public Safety, Nevada Highway Patrol Division.

*Lynn Rossman Faris,* Oakland, California, and *Walter R. Tarantino,* Carson City, for Appellants Charles F. Rikalo, John R. Giurlani, Galen Mitchell, Operating Engineers, Local No. 3, Public Employees Division.

*Brian McKay,* Attorney General, *Brian R. Hutchins,* Chief Deputy Attorney General, and *Chan G. Griswold,* Deputy Attorney General, Carson City, for Respondents The State of Nevada, Department of Personnel, Department of Adult Parole and Probation, Department of Motor Vehicles and Public Safety.

## OPINION

*Per Curiam:*

These are consolidated appeals[1] from a judgment retroactively increasing certain state employees' salaries in Case No. 20130 (State v. Hutchings), and from a denial of a petition for a writ of mandamus compelling the state to increase certain state employees' salaries in Case No. 20158 (Rikalo v. State). For the reasons set forth below, we reverse the district court's judgment in Case No. 20130, and affirm the district court's denial of the petition in Case No. 20158.

---

[1]The court has determined that consolidation of these appeals will assist in their disposition. NRAP 3(b).

The facts of each case are as follows:

*Hutchings:* Respondents Roy Hutchings and Twanna Holly are employed by the Nevada Highway Patrol Division of the State of Nevada (NHP). Hutchings is a Trooper; Holly is an Administrative Aide II. Both positions fall within the classified service of the State of Nevada.

Every two years the State of Nevada, Department of Personnel, conducts and then provides the Nevada State Legislature with a salary survey to assist the legislature in making wage adjustments within the state's classified service. The purpose of the survey is to determine, pursuant to NRS 284.175(5), the prevailing rates paid in government and industry for comparable jobs within the State of Nevada and western states. Accordingly, in 1986 the Department of Personnel conducted a salary survey, focusing on 31 "benchmark" classifications rather than each of the approximately 1,200 job classifications contained within Nevada's classified service.[2] Among the benchmark classifications surveyed were Highway Patrol Trooper and Administrative Aide II.

The 1986 salary survey revealed that an NHP Trooper earned 22.42 percent less than the prevailing rate, and an NHP Administrative Aide II earned 10.94 percent less than the prevailing rate. The survey also revealed that certain positions within Nevada's classified service paid as much as 31.89 percent below the prevailing rate, while others paid as much as 19.92 percent above the prevailing rate, and that overall, state salaries in Nevada were 3.1 percent below the average for comparable jobs in Nevada and western states. Armed with the above information, the 1987 Nevada Legislature enacted an across-the-board 3.0 percent pay increase for classified service employees.

Respondents subsequently commenced the instant action, claiming that appellants' failure to set their salaries at prevailing rates violated the provisions of former NRS 284.175(5). Following a bench trial, the district court ruled in favor of respondents and ordered their salaries adjusted immediately to the prevailing rates as determined by the 1986 salary survey. The district court subsequently ruled that its decision was to apply retroactively to the date the legislature last convened, July 1, 1987. This appeal ensued.

*Rikalo:* Appellants in this case are: Charles F. Rikalo, Criminal Investigator III for the Department of Motor Vehicles and

---

[2]Data for the 1986 salary survey was collected from government and private employers in Nevada, and from government employers in eight western states: Arizona, California, Colorado, Idaho, Montana, Oregon, Utah and Washington.

Public Safety (DMVPS); John R. Giurlani, Adult Parole and Probation Officer II; Galen Mitchell, Investigator for the Bureau of Enforcement of the DMVPS; and the Operating Engineers, Local 3, Public Employees Division.

In March 1989, appellants filed the instant petition requesting that the district court issue a writ of mandamus compelling respondents to set their salaries, and the salaries of all others similarly situated, at the prevailing rates as determined by the Department of Personnel's salary survey conducted in July 1988. Appellants further requested an award of back pay based upon respondents' failure to set their salaries at prevailing rates as determined by Department of Personnel salary surveys conducted in July 1984, and July 1986. As in *Hutchings,* appellants argue that respondents have violated former NRS 284.175(5) by failing to set their salaries at prevailing rates as determined by the above salary surveys. The district court dismissed the petition in May 1989. This appeal ensued.

## *DISCUSSION*

The classified service employees in both cases argue that former NRS 284.175(5)[3] mandates that their salaries be set *at* the prevailing rates as determined by the Department of Personnel's salary surveys. We disagree.

Former NRS 284.175(5) provided that:

> During regular legislative sessions salaries for the classi-
> fied service of the state must be set *based upon* the prevailing
> rates paid in government and industry for comparable jobs
> within the State of Nevada and western states, where appro-

---

[3]The 1989 Nevada Legislature amended NRS 284.175(5). The current version, effective March 8, 1989, provides that:

5. In making recommendations during regular legislative sessions concerning salaries for the classified service of the state, the director shall consider factors such as:

(a) Surveys of salaries of comparable jobs in government and private industry within the State of Nevada and western states, where appropriate;

(b) Changes in the cost of living;

(c) The rate of turnover and difficulty of recruitment for particular positions; and

(d) Maintaining an equitable relationship among classifications.

Because we hold that, under the provisions of former NRS 284.175(5), the classified service employees in these two cases are not entitled to the relief they seek, we need not decide whether the legislature's 1989 amendment was an unconstitutional exercise of judicial power.

priate. The provisions of this subsection are subject to the limitations imposed by NRS 281.123.[4]

(Emphasis added.)

The words "based upon" provide the key to resolving the instant disputes. The district court's ruling in *Hutchings* relies extensively on Gottlieb v. Department of Water & Power, 63 Cal.App.3d 202, 133 Cal.Rptr. 614 (1976). At issue in *Gottlieb* was the language of section 425 of the Los Angeles City Charter which required the city's department of water and power to pay its employees "a salary or wage *at least equal to* the prevailing salary or wage for the same quality of service rendered to private persons, firms or corporations under similar employment, in case such prevailing wage or salary can be ascertained." *Gottlieb,* 63 Cal.App.3d at 206, 133 Cal.Rptr. at 615-616 (emphasis added). Accordingly, the California Court of Appeal held that by enacting across-the-board pay increases, the department of water and power had not fully complied with section 425. Instead, the department was required to determine the applicable prevailing wages in a reasonably accurate and comprehensive manner, and to pay its employees at least that amount. *Gottlieb,* 63 Cal.App.3d at 209-10, 133 Cal.Rptr. at 617-18.

Unlike section 425 of the Los Angeles City Charter, former NRS 284.175(5) required that the salaries of Nevada's classified service employees be "set based upon" prevailing rates. We are confident that, had the legislature intended to require that such salaries be set "at" prevailing rates, it would have expressly so stated. In fact, the legislature has proven itself capable of such a pronouncement. For instance, NRS 338.020(1) specifies the wages which must be paid to mechanics and workmen who perform services under contract with a public body of this state. That statute provides in pertinent part that:

1. [T]he hourly and daily rate of wages must:
(a) Not be less than the rate of such wages then prevailing in the county in which the public work is located, . . . .

In addition, by including the words "where appropriate" in former NRS 284.175(5), the legislature indicated that it did not intend that prevailing rates would, in all cases, be determinative. Rather, the legislature has evinced an intent to consider other factors, such as ease or difficulty of recruitment, in establishing salaries for Nevada's classified service employees. Thus, the words "where appropriate" provide an additional basis for

---

[4]NRS 281.123 provides that no state employee, other than a dentist, physician, or University of Nevada employee, may be paid a salary which exceeds 95 percent of the governor's salary.

rejecting the contention that the employers in the instant cases were statutorily bound to pay the prevailing rates as determined by the salary surveys at issue.

In summary, we hold that by enacting across-the-board increases designed to bring the salaries of Nevada's classified service employees in line with the overall average for comparable jobs in Nevada and western states, salaries for the classified service of this state have been set based upon prevailing rates and the requirements of former NRS 284.175(5) have been fully complied with. We therefore reverse the district court's judgment in Case No. 20130 and direct the district court to enter judgment in favor of appellants, and affirm the district court's denial of the petition for a writ of mandamus in case No. 20158.[5]

---

[5]We are constrained to express our hope that the legislature will take measures as soon as possible to correct the substantial, negative disparity in salaries suffered by the law enforcement personnel represented in these two cases. The vital role our law enforcement officers assume in assuring Nevadans a quality society cannot be overstated.